*230 OPINION of the Court, by
Judge Owsley.
This is an action of trespass, brought by Logan against the Steeles for breaking and entering his close, treading down and destroying his grass, burning his barn, and killing his horses, Sic. The declaration contains seve-raj counts ; guilty was pleaded bv the Steeles, and verdict and judgment obtained against Logan,
In the progress of the cause in the court below, an order was obtained and various depositions taken <⅛ bene esse ; and 011 the trial Logan, the plaintiff, proved the witnesses whose depositions were taken were out of ^}c statei and that regular notice had been given Martha Steele, one of the defendants, of the time and place of taking the depositions, and offered the depositions thus ta]ien as evidence. The attorney for the defendants ob- . , , , , . , . J , . , , jected to the depositions being used as evidence, because notice had not been given to both ©f the defen-^ant3 : die court sustained the objection, and would not permit the depositions to be used as to eicher of the defendants. - '
Whether, therefore, this decision of the courtis correct-, is the first question for decision ;
Wé are of opinion it is not. In actions of this kind, *)le plaintiff is not bound to support bis action against all defendants, or fail as to all. The jury may find part of the defendants guilty, and the others .not guilty; *231 far they may find one defendant guilty of part of the trespass alleged in the declaration, and ether defendants guilty of other parts of the trespass — See 2 Tidd’s Prac. 805, and the authorities there cited. If, then, we are correct in these positions, of which there is no doubt, it necessarily results that the depositions should have been used against Martha Steele, to whom notice had been regularly given : for it would be preposterous in the extreme lor the law to authorise a recovery against one defendant only, in an action against two, and yet the rules of evidence not to permit proof as to one, unless the evidence is admissible ats to all of the defendants.
if the pUin-'h!lt ftf“ defendants are ju^tnennea, & ta property, the defendants may peiiantteftimo. ny to ihew the pontiff had owl” fimihr threats,
The circumstance that the depositions contain evidence conducing to prove the guilt of the other defen-' dant, can make no difference : for the court presiding on the trial are competent by appropriate instructions to inform the jury what part of the depositions are evidence, and against, whom to be regarded. Thepcssibi-lity of such evidence producing a bias on the minds of the jury prejudicial to the defendant against whom it is not received, notwithstanding proper instructions are given by the court, cannot affect the principle : for it is a consequence resulfing from the voluntary act of the defendants themselves in uniting in a joint plea and trral, and should not, we apprehend, be turned to the prejudice of the plaintiff.
The deposition of John Crethers, taken de bene esse, on the part of che plaintiff, was also rejected by the court, notwithstanding the defendants’ counsel attended before the justice and cross-examined the witness, because it was proven the whole of the deposition, except the cross-examination, is in the hand writing of anephtw of the plaintiff, who ivas not present Vhift the deposition was taken. Whether this .deposition should have been excluded, although a question not necessary to be decided in this cause, yet as xhe question may again occur in the court below, seems proper for consideration. It is believed the practice has become very general, for justices not to write the depositions of witnesses, but to have it done by some person in their presence, and under their immediate inspection. This practice often tends greatly to the dispatch of business, and is liable to no serious objection ; but we are not aware the practice has bicorne common for justices to receive and certify *232 depositions drawn by the parties or others.in his absence, to be üsed as evidence. If, however, such a practice does prevail, it cannot be sanctioned, and no deposition so taken should be used as evidence, unless by some act either express or implied the party against whom it is intended to be used has waived all objections to the manner ol its being taken. But where, as in the present case, the party by his attorney appears before the justice at the taking of the deposition, makes no objection as to the manner of taking it, but cross-examines the witness, we think he should not, thereafter, on the trial, be permitted to avail himself of the objection.
On the trial of this cause in the court below, the plaintiff proved'the defendants were his enemies, and had threatened to injure his property. The defendants then produced witnesses to prove the plaintiff had other enemies in the neighborhood, who had also threatened to injure his property. The admission of this evidence was opposed by the plaintiff, but the objection was overruled and the evidence admitted. We can perceive no error in the court receiving the evidence. It was calculated to repel the presumption which might otherwise arise against the defendants from the evidence of alike description used against them.
The judgment, however, must be reversed with costs, and the cause remanded to the circuit court for a new trial to be had.